# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### NEWPORT NEWS DIVISION

| | |
|---|---|
| *In re*: | Case No. 07-51040-FJS |
| | Chapter 15 |
| Jonathan A. Loy, | Case No. 09-51379-FJS |
| *Debtor*. | Chapter 7 |

## MEMORANDUM OPINION

On August 19, 2011, the Court held a hearing on the Debtor's "Motion for the Recusal of Judge Frank J. Santoro Pursuant to 28 U.S.C. § 455(a)" (the "Motion for Recusal"). (Case No. Case 07-51040-FJS, Doc. No. 180; No. 09-51379-FJS, Doc. No. 302.)[1] The Motion for Recusal attaches, as Appendix 2, "Jonathan Loy's Affidavit Testifying to the Bias Judge Frank J. Santoro Has Shown Against Him Pursuant To 28 U.S.C. § 144" (the "Section 144 Affidavit"). (Doc. No. 302, App. 2.) For the reasons stated below, the Motion for Recusal is DENIED.

### I. INTRODUCTION

Jonathan A. Loy (the "Debtor") is a British citizen, appearing *pro se*, who resided lawfully in Hampton, Virginia until mid-to-late December 2010. The Debtor is the subject of a pending Chapter 15 proceeding before the Court, filed on October 28, 2007. (Case No. 07-51040-FJS, Doc. No. 1.) This Chapter 7 Case was filed on August 26, 2009. (Doc. No. 1.)[2]

---

[1] Unless otherwise indicated, all further references to docket entries refer to the Debtor's Chapter 7 Case, Case No. 09-51379-FJS.

[2] For a full recitation of the factual and procedural history of (i) the Debtor's Chapter 15 case, (ii) the Debtor's Chapter 7 case, (iii) and the insolvency matters pending against the Debtor in the United Kingdom, the March 30 Order provides a comprehensive summary of all of the proceedings. (Case No. 07-51040-FJS, Doc. No. 161, at 2-25.)

## II. BACKGROUND

On July 13, 2011, the Debtor filed the Motion for Recusal attaching the Section 144 Affidavit. (Doc. No. 302.) In the Motion for Recusal, the Debtor avers that the conduct of the undersigned "has given cause to reasonably question his impartially [*sic*]." (Doc. No. 302, at 1.) "It is Jonathan Loy's firm belief Judge Santoro is not acting impartially based on the law and facts of the case. What else could possibly explain Judge Santoro's post December 14, 2011 [*sic*] conduct and rulings?" (Doc. No. 302, at 2.)

In the Section 144 Affidavit, the Debtor asserts concerns with: (1) the commencement of his Chapter 7 Case; and (2) the grant of recognition of the Debtor's foreign main proceeding pursuant to 11 U.S.C. § 1517. (Doc. No. 302, App. 2 at 1-8.) All of the Debtor's concerns—on both fronts—address legal issues and contentions that have arisen within the scope of the Debtor's Chapter 7 Case, Chapter 15 Case, and associated Adversary Proceedings.

The Debtor contends that it was improper for the Court to allow the Debtor's Chapter 7 Case to proceed because: (1) the Debtor did not sign the Petition; (2) the Debtor did not obtain requisite prepetition credit counseling; (3) the Debtor's Chapter 7 Case is erroneously deemed a "voluntary" case pursuant to 11 U.S.C. §§ 301 and 1511(a)(2); (4) the Debtor has not filed requisite schedules and other documentation; and (5) the Debtor's failure to attend the Section 341 Meeting of Creditors. (Doc. No. 302, App. 2 at 2-3.) That the Court has, in the view of the Debtor, allowed the Chapter 7 Case to proceed in light of these alleged deficiencies is evidence that the undersigned is biased against the Debtor and favors the English Trustee and his counsel, contravening the underlying policy goals of Chapter 15 of Title 11.

The Debtor also contends that the Court's decision not to revoke, via written order, Judge Stephen C. St. John's grant of recognition is evidence of bias against the Debtor and favoritism

towards the English Trustee and his counsel. (Doc. No. 302, App. 2 at 4-8.) The Debtor further identifies an "obsession" on the part of the undersigned with protecting the interests of the English Trustee to the detriment of the Debtor. Citing the Court's request that the Debtor appear before the Court in person to testify as to the facts of the Debtor's relocation to France, and that the Court has not required other foreign parties to appear in person, the Debtor concludes that this request is "totally prejudice [sic] against Loy who cannot afford the time or to spend two months of his carpenter wages to travel to the U.S. for a meaningless hearing." (Doc. No. 302, App. 2 at 7.)

The Debtor also argues that the Court's denial of the Debtor's Motion for Interlocutory Appeal was "a final attempt to lock down Loy and promote Foley's interests by denying Loy leave to appeal his March 30, 2011 interlocutory order." (Doc. No. 302, App. 2 at 8.) The Debtor states that "[b]y these actions Judge Frank Santoro has consistently demonstrated a bias in favor of O'Sullivan and his counsel, Santoro's U.S. bankruptcy colleagues. While at the same time setting his face against Jonathan Loy and his rights as an individual in the application of the U.S. bankruptcy code." (Doc. No. 302, App. 2 at 8.)

### III. DISCUSSION

The Debtor's allegations as to the impartiality of the undersigned amount to nothing more than disagreements and complaints about rulings issued within the context of the Debtor's Chapter 7 and Chapter 15 cases. That alone, pursuant to the statutes and case law, is insufficient as grounds for recusal. From the viewpoint of an objective and reasonable person, the Motion for Recusal does not evince "impartiality [that] might reasonably be questioned." 28 U.S.C. § 455(a).

3

### A. The Statutory Framework

In tandem, 28 U.S.C. §§ 144 and 455 set forth the statutory framework for deciding whether a judge should recuse himself on the basis of impartiality. Section 455 provides that a judge must disqualify himself if his impartiality might be reasonably questioned, and in enumerated circumstances, including the existence of personal knowledge or relationships. Section 144 states that if a party files a sufficient affidavit attesting to the bias or prejudice of the presiding judge, the proceeding shall be assigned to another judge. As explained below, Section 144 is inapplicable in bankruptcy proceedings, and is not controlling.

Nevertheless, "[t]he standard for determining the existence of bias or prejudice is the same for sections 144, 455(a) and (b)(1): 'whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned.'" *United States v. Brown*, No. 06-CR-82-2, 2008 WL 264629, at *1 (D. Vt. May 13, 2008) (quoting *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987); *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000)). In the instant case, the Debtor fails to allege facts that show "a reasonable person would have a reasonable basis for questioning the [undersigned's] impartiality." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987)) (alternation in original) (internal quotation marks omitted).

**1. 28 U.S.C. § 455**

28 U.S.C. § 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b) identifies multiple scenarios when a judge

4

must disqualify himself.[3] The Debtor has not alleged any grounds under Section 455(b), and the Court holds that Section 455(b) is inapplicable in the instant proceeding. Accordingly, the Court will not consider those grounds addressed by Section 455(b).

The United States Supreme Court examined Section 455(a) in *Liteky v. United States*, 510 U.S. 540 (1994). The Court explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion." *Liteky*, 510 U.S. at 555 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Rather, adverse judicial rulings "are proper grounds for appeal, not for recusal." *Id.* "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion *unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.*" *Id.* (emphasis added). If the remark reveals

---

[3] Section 455(b) states:

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

5

favoritism or antagonism that would make fair judgment impossible, then the remark supports bias or partiality. Justice Scalia, writing for the Court, provided an example of a judicial remark that may support a finding of bias that emanates from an extrajudicial source. A United States District Court Judge who tried the case of World War I era German Americans charged with espionage allegedly stated: "'One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans' because their 'hearts are reeking with disloyalty.'" *Id.* (quoting *Berger v. United States*, 255 U.S. 22, 28 (1921)).

On the other hand, mere "expressions of impatience, dissatisfaction, annoyance, and even anger" never establish the kind of bias or partiality contemplated by Section 455(a). *Id.* at 555-56. This is precisely because "[j]udges may . . . properly form both negative and/or positive opinions about the parties before them on the basis of facts introduced or events occurring during the case, and such opinions are . . . necessary to rendering decisions." *In re Olsen*, 358 B.R. 609, 624 (Bankr. S.D.N.Y. 2007) (citing *Liteky*, 510 U.S. at 551). "The high bar set by *Liteky* . . . makes good sense[;] [i]f it were otherwise . . . then a judge would hardly have the freedom to be a judge." *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011) (alteration in original).

Given the fact-specific nature of assessing whether judicial conduct falls within the ambit of Section 455(a), courts utilize an objective standard that determines "whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses 'all the facts and circumstances.'" *Whitehead v. Viacom*, 233 F. Supp. 2d 715, 718 (D. Md. 2002) (citing *Sao Paulo State of the Federative Republic of Brazil v. Am. Tobacco Co.*, 535 U.S. 229 (2002)); *accord United States v. Agnew*, 147 Fed. App'x 347 (4th Cir. 2005) ("In determining whether a judge's impartiality might reasonably be questioned, we apply an objective test."). "The inquiry is whether a reasonable person would have a reasonable basis for questioning the

6

judge's impartiality, not whether the judge is in fact impartial." *Cherry*, 330 F.3d at 665 (citations omitted) (internal quotation marks omitted). To warrant disqualification, "[t]he alleged bias or prejudice . . . must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell*, 384 U.S. 563, 583 (1966) (citation omitted). In contrast, "[j]udicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings' almost 'never constitute a valid basis for a . . . [recusal] motion.'" *Belue*, 640 F.3d at 573 (quoting *Liteky*, 510 U.S. at 555) (alteration in original).

### 2. 28 U.S.C. § 144

28 U.S.C. § 144 states that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Section 144 continues:

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

*Id.* To satisfy the requirements of Section 144, the party seeking recusal must file the affidavit in a timely fashion. In addition, the affidavit must allege sufficient facts evidencing that the presiding judge has a personal bias or prejudice against the party, or that the presiding judge favors an adverse party. If those requirements are met, then the presiding judge may proceed no further; the matter must be assigned to another judge. *Id.*

7

In the instant case, it is undisputed that the Debtor failed to file the Section 144 Affidavit within the ten-day time period prescribed by Section 144. However, even if he did, Section 144 does not apply to the instant bankruptcy proceedings. As the Fourth Circuit has recently explained, interpretation of a duly enacted and unambiguous statute "begins and ends with the [statute's] plain language." *Salem v. Holder*, 647 F.3d 111, 115 (4th Cir. 2011) (quoting *Markovski v. Gonzales*, 486 F.3d 108, 110 (4th Cir. 2007)) (internal quotation marks omitted). It is well-settled that Section 144 "applies by its terms only to district courts, not to bankruptcy judges." *In re Teltronics Servs., Inc.*, 39 B.R. 446, 451 (Bankr. E.D. N.Y. 1984); *In re AVN Corp.*, No. 98-0434-L, 1998 WL 35324198, at *1 (Bankr. W.D. Tenn. Dec. 8, 1998) (citing cases). This interpretation of Section 144 is consistent with Federal Rule of Bankruptcy Procedure 5004, which states that "[a] bankruptcy judge shall be governed by 28 U.S.C. § 455." Fed. R. Bankr. P. 5004(a).

Nevertheless, "[b]ecause Sections 144 and 455 (a) and (b)(1) are similarly worded and govern the same area of conduct, they are construed *pari materia*, and the test of the legal sufficiency of a motion for disqualification is the same under both statutes." *In re Sylver*, 214 B.R. 422, 426 (B.A.P. 1st Cir. 1997) (citations omitted) (internal quotation marks omitted). Therefore, the Court must determine "whether [a person] with knowledge of all the circumstances might reasonably question the . . . impartiality" of the undersigned. *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (citing *Cherry*, 330 F.3d at 665).

**B. Judge Frank J. Santoro Shall Not Be Disqualified Per 28 U.S.C. § 455(a)**

**1. Timeliness of the Motion for Recusal**

Motions for recusal under Section 455 must be timely made. *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 432 (4th Cir. 2011); *see also United States v.*

*Whorley*, 550 F.3d 326, 339 (4th Cir. 2008) ("[T]imeliness is an essential element of a recusal motion."); *United States v. Owens*, 902 F.2d 1154, 1155 (4th Cir. 1990) (noting that timeliness is a "judicially implied" element of Section 455). "To prevent inefficiency and delay, motions to recuse must be filed at the first opportunity after discovery of the facts tending to prove disqualification." *Whorley*, 550 F.3d at 339 (citations omitted) (internal quotations omitted). Allowing tardily filed recusal motions would permit a party "to gather evidence of a judge's possible bias and then wait and see if the proceedings went his way before using the information to seek recusal." *Sine v. Local No. 992 Int'l Bhd. of Teamsters*, 882 F.2d 913, 916 (4th Cir. 1989). For these reasons, denial of a recusal motion is warranted on timeliness grounds alone. *Id.* at 915-16 (finding lack of timeliness to be an alternative ground for affirming the denial of a motion to recuse).

To the extent that the Debtor raises a legally cognizable basis for recusal at all, the Motion for Recusal was not filed within the time frame contemplated by Section 455. *See Whorley*, 550 F.3d at 339. The Debtor filed the Motion for Recusal over three-and-a-half years after the commencement of his Chapter 15 Bankruptcy Case (three years, 8 months, 15 days) and three years, 1 month, and 1 day after the Chapter 15 Bankruptcy Case was transferred from the Honorable Stephen C. St. John to the undersigned. (Case No. 07-51040-FJS, Doc. Nos. 1, 64, 180.) The Debtor filed the Motion for Recusal nearly two years after the commencement of his Chapter 7 Bankruptcy Case (one year, 10 months, 17 days) and one year, 10 months, and 16 days after his Chapter 7 Bankruptcy Case was transferred from the Honorable Stephen C. St. John to the undersigned. (Case No. 09-51379-FJS, Doc. Nos. 1, 8, 302.)

**2. Legally Cognizable Basis for Recusal**

That the Debtor filed the Motion for Recusal at such an advanced stage of the

proceedings only underscores the fact that the only bases for the Debtor's Motion for Recusal are the Court's rulings in his various cases and proceedings. Only after the passage of time and the Court's issuance of—what the Debtor would deem to be—adverse rulings on the Debtor's motions has the Debtor come to believe that the Court harbors bias or prejudice against the Debtor and favoritism toward his adversaries. Section 455 rejects this tactical application of recusal motions. *Sine*, 882 F.2d at 916.

The Debtor fails to alleged facts from which a reasonable person could reasonably question the undersigned's impartiality. *See Cherry*, 330 F.3d at 665. "Disqualification is required if a reasonable factual basis exists for questioning the judge's impartiality." *In re Beard*, 811 F.2d at 827 (citing *Rice v. McKenzie*, 581 F.2d 1114, 1116 (4th Cir. 1978)). Nevertheless, case law is also clear that the alleged bias must be based on facts *other* than those learned from the arguments made on record before the court. *See Belue*, 640 F.3d at 573. The findings of fact and conclusions of law entered by the undersigned in connection with the Debtor's more than three years of Chapter 7 and Chapter 15 bankruptcy proceedings do not constitute an extrajudicial source of information meriting recusal pursuant to Section 455. "[C]ases are clear that facts learned by a judge in [his] judicial capacity cannot be the basis for disqualification." *In re Fine*, 35 B.R. 302, 303 (Bankr. D. Del. 1983). Therefore, the Motion for Recusal fails on the merits.

## IV. CONCLUSION

The Motion for Recusal fails to set forth a legally cognizable basis for recusal of the undersigned. Accordingly, the Court finds that the Motion for Recusal should be denied.

A separate Order will issue.

Upon entry of this Memorandum Opinion, the Clerk shall forward a copy to Jonathan A. Loy via e-mail at jonloy@email.com; and via first class mail, postage prepaid, to Jonathan A. Loy and Susan J. Loy, Moulin Begasse, 56320 Meslan, France; Douglas M. Foley, Esq., McGuireWoods LLP, World Trade Center, Suite 9000, 101 West Main St., Norfolk, Virginia, 23510-1655; Kenneth N. Whitehurst, III, Esq., Office of the U.S. Trustee, 200 Granby St., Room 625, Norfolk, Virginia, 23510; Tom C. Smith, Jr., Esq., Chapter 7 Trustee, P.O. Box 1506, Virginia Beach, Virginia, 23451-1506; Julian A. Bryant, Jr., Esq., Evans & Bryant, PLC, 101 Parks Avenue, Suite 301, Virginia Beach, Virginia, 23451; Leo J. Perk, Esq., Law Offices of Leo J. Perk, P.C., 352 McLaws Circle, Suite 1, Williamsburg, Virginia, 23185; Joseph L. R. Pinard, 107 Binnacle Lane, Newport News, Virginia, 23602; Christopher L. Perkins, Esq., LeClair Ryan, Riverfront Plaza, East Tower, 951 East Byrd Street, P.O. Box 2499, Richmond, Virginia, 23218-2499; and to Shaunté M. Hurley, Esq., Taylor & Walker, P.C., 555 E. Main Street, Suite 1300, Norfolk, Virginia, 23510.

DATED:

10-27-2011

FRANK J. SANTORO
United States Bankruptcy Judge

NOTICE OF JUDGMENT OR ORDER
Entered on docket
OCT 2 7 2011

11